**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| JEFF ADAMS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| | : | |
| VS. | : | 7 : 09-CV-09 (HL) |
| | : | |
| TERRY ARNOLD, ALAN MOORE, | : | |
| LACHAKA JOINER, OFFICER WOODS, | : | |
| | : | |
| Defendants. | : | |

## RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are two (2) motions for summary judgment filed on behalf of the defendants, as well as Plaintiff's motion for summary judgment. (Docs. 18, 23, 32). The undersigned notified the plaintiff of the filing of the defendants' motions for summary judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

*Background*

The plaintiff filed this action in January 2009, raising three (3) claims for relief related to his confinement at the Cook County Jail. First, the plaintiff claims that defendant Joiner, a nurse at the Cook County Jail, improperly reduced his antidepressant medication. Second, plaintiff claims that defendant Arnold failed to respond to his grievances regarding medication and other health issues. Third, the plaintiff claims that defendants Moore and Woods opened his legal mail outside of his presence. Plaintiff was transferred in and out of the Cook County Jail multiple times, beginning in January 2008.

MOTIONS FOR SUMMARY JUDGMENT

***Standard of review***

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.

## Motion for Summary Judgment: Defendants Arnold, Moore and Woods

Defendants Arnold, Moore and Woods have supported their motion for summary judgment with their affidavits and the pleadings on file.  The plaintiff alleges that defendant Arnold failed to respond to his grievances, apparently filed in regard to the medical treatment plaintiff had received or wished to receive at the Cook County Jail.  According to plaintiff's complaint, the plaintiff met with defendant Arnold about a grievance he filed in connection with his alleged receipt of incorrect

medication.  Plaintiff alleges that defendant Arnold told him he would speak to officer Landis about the incident and get back with the plaintiff, although plaintiff never heard back from defendant Arnold.  Based on this set of events, the plaintiff alleges that the failure to respond to a grievance constituted a violation of his right to due process.

However, as argued by the defendants, prison or jail grievance procedures do not give rise to a protected liberty interest requiring procedural protections of the Fourteenth Amendment. *Buckley v. Barlow*, 997 F.2d 494, 496 (8th Cir. 1993); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  "As there is no constitutional right to a grievance procedure, it follows that the alleged failure to supply a grievance form, deliver a grievance, provide plaintiff with copies of a grievance, or hold a grievance hearing, even if improper, cannot be remedied through 42 U.S.C. § 1983."  *Crum v. Thomasville County Jail*, 2007 WL 2570781 (M.D.Ga.).  *See also Langbehn, G.D.C. v. Henderson*, 2007 WL 30602 (N.D.Ga.) (Plaintiff's allegations that grievances were handled ineffectively failed to state a claim under § 1983).  Thus, no genuine issue of material fact remains as to plaintiff's claim that defendant Arnold failed to properly address his grievance(s).

In regard to defendants Moore and Woods, the plaintiff alleges that each defendant opened plaintiff's mail outside of his presence during December 2008.  Plaintiff alleges that defendant Woods opened a letter addressed to the plaintiff from the U.S. District Court for the Middle District of Georgia, Office of the Clerk, outside of plaintiff's presence.  Defendant Woods does not deny this allegation, and states in his affidavit testimony that he inadvertently opened the envelope in question, without realizing until it was open that it was legal mail.  After he opened the envelope but before examining the contents defendant Woods realized his mistake and delivered the envelope to the plaintiff, explaining to the plaintiff what had happened.  (Doc. 27).

"[A] prisoner's constitutional right of access to the courts requires that incoming legal mail from his attorneys, and properly marked as such, may be opened only in the inmate's presence and only to inspect for contraband." *Al-Amin v. Smith*, 511 F.3d 1317, 1325 (11th Cir. 2008). However, a prisoner claiming that opening of legal mail outside of his presence violated his right of access to the courts must show an "actual injury" arising from the incident, as a "constitutional prerequisite" to the claim. *Id.* In *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174 (1996) the Supreme Court reiterated this requirement of showing an actual injury in order to state a claim of denial of access, stating that "[t]he requirement that an inmate alleging [denial of access to the courts] must show actual injury derives ultimately from the doctrine of standing, . . . It is the role of courts to provide relief to claimants, . . . who have suffered, or will imminently suffer, actual harm". *Id.* at 2179. "The doctrine of standing requires that an inmate alleging a violation of the right of access to the courts must show an actual injury. . . . Thus, the prison officials' actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim." *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). Herein, the plaintiff has pointed to no injury allegedly arising from the opening of his legal mail by defendant Woods, and as such, defendant Woods is entitled to the entry of summary judgment on plaintiff's right of access to the courts claim.

Neither has plaintiff established that Woods' actions in opening but not reading his legal mail violated his First Amendment free speech rights. "In light of the fact that a prison has a legitimate security interest in opening and inspecting incoming mail for contraband, plaintiff's allegation that his incoming mail was opened and read but not censored does not rise to the level of a constitutional violation." *Dickerson v. Chatman*, 2008 WL 4155624 (M.D.Ga.). Herein, the

4

undisputed facts show that the mail in question was not even read by defendant Woods, who only inadvertently opened the envelope.  Arguably, the inadvertent opening of a prisoner's legal mail on one occasion does not rise to the level of a constitutional violation.  *See Davis v.  Goord*, 320 F.3d 346 (2nd Cir.  2003); *Gardner v.  Howard*, 109 F.3d 427 (8th Cir.  1997); *Stevenson v.  Koskey*, 877 F.2d 1435 (9th Cir.  1999).

In regard to defendant Moore, the plaintiff alleges that on December 8, 2008, he received a letter from the Court that had been opened by Moore outside of plaintiff's presence.  Plaintiff further alleges that "Officer Chavez passed the mail out on that day and [Plaintiff's] Legal Mail was opened."  Plaintiff maintains that he was told by jail staff that Moore had opened the mail.  Moore states in his affidavit testimony that he did not open plaintiff's mail, legal or otherwise.  (Doc.  28).  Additionally, as set out in the affidavit testimony of jail administrator Beverly Brown, no one by the name of "Chavez" was employed at the jail during the time in question.

Although the plaintiff has filed a response to defendants' summary judgment motion, his statements are unsworn and his allegations consist of nothing more than conjecture that  "Officer Chavez" told him that defendant Moore had opened his mail, a fact specifically refuted by defendants' summary judgment showing.  As such, plaintiff has failed to overcome defendant Moore's summary judgment showing, entitling Moore to the entry of summary judgment.

**Official capacity claims**

Insofar as Plaintiff brings this action against the defendants in their official capacities as Cook County employees, Plaintiff must allege and establish that the alleged deprivations resulted from a custom or policy set by Cook County.  *Hafer v. Melo*, 502 U.S. 21 (1991); *Monell v.*

*Dep't. of Social Services*, 436 U.S. 658, 691.[1]   Inasmuch as the plaintiff has failed to allege or establish such a custom or policy, the defendants are entitled to the entry of summary judgment regarding his official capacity claims.

### Motion for Summary Judgment: Defendant Crawford

Plaintiff alleges that defendant Lachaka Crawford (improperly identified by the plaintiff as "Lachaka Joiner") was deliberately indifferent to his serious medical condition by failing to properly treat his depression.  Nurse Crawford has supported her summary judgment motion with her affidavit, wherein she sets out the medical treatment provided to the plaintiff while he was incarcerated at Cook County Jail during 2008.

It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The Eleventh Circuit has acknowledged that "the deliberate indifference standard also applies to inmates' psychiatric or mental health  needs." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th  Cir. 1991); *Hardin v. Hayes*, 52 F.3d 934, 939 (11th  Cir. 1995) (plaintiff must show that defendant acted with deliberate indifference to a serious mental need to establish liability under § 1983)."To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry.  First, a plaintiff must set forth evidence of an objectively serious medical need.  Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that

---

[1]In *Hafer*, the Supreme Court clarified its determinations in *Kentucky v. Graham*, 473 U.S. 159 (1985) and stated that "[b]ecause the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's policy or custom must have played a part in the violation of federal law.'" *Hafer*, 112 S.Ct. at 361.

serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations

omitted).  "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of

serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence."

*McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

Defendant Crawford's affidavit sets forth the following treatment timeline for the

plaintiff.  The plaintiff was incarcerated at the Cook County Jail between January 29, 2008, and

April 9, 2008, and again between June 5, 2008, and March 25, 2008.  Upon his transfer into the

Cook County Jail on January 29, 2008, from Leon County Jail in Florida, defendant Crawford was a

licensed practical nurse at the Cook County Jail.  Plaintiff received a physical on January 31, 2008,

and based on this exam and plaintiff's medical history, the jail physician, Dr. Odom, prescribed

200 mg of Wellbutrin for depression, an increase of 100 mg over what plaintiff was receiving at the

Leon County Jail.  Nurse Crawford and other medical personnel ensured that plaintiff received the

prescribed dosage of Wellbutrin.  Upon Plaintiff's return to the Cook County Jail in June 2008, Dr.

Odom examined the plaintiff and resumed his daily prescriptions, including 200 mg of Wellbutrin.

Immediately prior to his June 2008 transfer into the Cook County Jail, plaintiff was receiving 300

mg of Wellbutrin at the Leon County Jail.  Medical staff, including Nurse Crawford, again ensured

that the plaintiff received the proper dosages of his prescribed medications.  Plaintiff was also seen

and treated for various medical ailments, including digestive issues and head congestion.  On

November 24, 2008, Plaintiff informed Nurse Crawford that he had received the wrong medication

during the prior weekend.  Although not on duty that weekend, Nurse Crawford later determined

that the plaintiff had mistakenly received Colace, a stool softener, but through examination and

conversation with the plaintiff determined that he had suffered no adverse consequences.  On

November 27, 2008, the plaintiff submitted a sick call form complaining of depression and

requesting an increase in his medication dosage.  However, he refused to see a doctor when brought to the medical unit, despite being informed that he would have to see a nurse or doctor to be referred for outside mental health treatment.  Plaintiff submitted a second sick call request on December 4, 2008, complaining of depression, but again refused to see a doctor.  (Doc. 33-1).

Viewing all facts and reasonable inferences therefrom in the light most favorable to the plaintiff, plaintiff's allegations against Nurse Crawford amount to nothing more than a claim for medical malpractice.  The plaintiff has failed to establish that Nurse Crawford was aware of yet disregarded a substantial risk of serious harm to the plaintiff in terms of his medical treatment. Nurse Crawford's affidavit testimony establishes that she was not authorized to prescribe medication for inmate patients and that only a physician could do so.  Nurse Crawford further states that on every occasion plaintiff submitted a sick call slip, he was promptly and properly treated for his ailments.  Plaintiff's response to Nurse Crawford's summary judgment motion merely reiterates the allegations of his complaints, and fails to overcome her summary judgment showing that she did not act with deliberate indifference to plaintiff's serious medical needs.

"Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency', thereby rising to the level of a constitutional tort.  The known risk of injury must be 'a strong likelihood, rather than a mere possibility'".  *Brown v. Hughes*, 894 F.2d 1535, 1537 (11th Cir. 1990) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976) and *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989)).  Herein, the plaintiff has failed to rebut the defendant's showing that she had no knowledge of a substantial likelihood of serious injury or harm to the plaintiff by virtue of his prescription medications, and that she merely carried out the orders of the jail physician in distributing the medications.

8

**<u>Motion for Summary Judgment: Plaintiff</u>**

Also pending herein is a Motion for Summary Judgment filed by the plaintiff.  (Doc. 18).
Making all factual and credibility determinations in favor of the defendants, the nonmoving
parties herein, it is clear that the plaintiff has failed to satisfy his burden of establishing that no
genuine issues of material fact remain in this case.  Plaintiff's summary judgment motion
consists merely of a reiteration of his claims as set out in his complaint, in addition to summary
conclusions that the facts as alleged establish the violation of his constitutional rights.
Accordingly, it is the recommendation of the undersigned that the plaintiff's motion  for
summary judgment be **DENIED**.

Inasmuch as the plaintiff has failed to overcome the defendants' summary judgment
showing establishing the absence of support for his claims of constitutional violations, it is the
recommendation of the undersigned that the defendants' motions for summary judgment be
**GRANTED**.  (Docs.  23, 32).  Pursuant to 28 U.S.C. § 636 (b)(1), the parties may file written
objections to the recommendations set out herein with the Honorable Hugh Lawson **WITHIN
FOURTEEN (14) DAYS** of receipt thereof.

SO RECOMMENDED, this 11th day of February 2010.


**S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE**